# U.S. District Court
## District of Nebraska (4 Lincoln)
## CIVIL DOCKET FOR CASE #: 4:21–cv–03061–SMB–RCC
### *Internal Use Only*

Melendez v. City of Grand Island et al

Assigned to: Judge Susan M. Bazis

Referred to: Magistrate Judge Ryan C. Carson

Cause: 42:1983 Civil Rights Act

Date Filed: 03/11/2021

Date Terminated: 02/13/2025

Jury Demand: Plaintiff

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: Federal Question

**Plaintiff**

**Sonia Melendez**
*Personal Representative of the Estate of*
*Benjamin Melendez, Deceased*
*estate of*
Benjamin Melendez

represented by   **Maren L. Chaloupka**
CHALOUPKA LAW FIRM
P.O. Box 1724
Scottsbluff, NE 69363
308–270–5091
Fax: 308–270–5105
Email: mlc@chaloupkalaw.net
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of Grand Island**
*a Nebraska political subdivision*

represented by   **Christopher M. Schmidt**
BAYLOR, EVNEN, WOLFE LAW FIRM
1248 O Street
Suite 900
Lincoln, NE 68508–1424
402–475–1075
Email: cschmidt@baylorevnen.com
*ATTORNEY TO BE NOTICED*

**Randall L. Goyette**
BAYLOR, EVNEN, WOLFE LAW FIRM
1248 O Street
Suite 900
Lincoln, NE 68508–1424
402–475–1075
Email: rgoyette@baylorevnen.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hall County, Nebraska**
*a Nebraska political subdivision*
*TERMINATED: 05/05/2021*

**Defendant**

| | | |
|---|---|---|
| **Jon Rosenlund**<br>*in his individual and official capacity* | represented by | **Christopher M. Schmidt**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Randall L. Goyette**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Brandon Kelley**<br>*911 Dispatcher #1, in his individual and official capacity* | represented by | **Christopher M. Schmidt**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Grady Higgins**<br>*911 Dispatcher #2, in her individual and official capacity* | represented by | **Christopher M. Schmidt**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**Does #1 – 10**
*in their individual and official capacities*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/11/2021 | 1 | RESTRICTED COMPLAINT with jury demand against All Defendants ( Filing fee $ 402, receipt number ANEDC–4357348), by Attorney Maren L. Chaloupka on behalf of Sonia Melendez(Chaloupka, Maren) ACCESS TO THE PDF DOCUMENT IS RESTRICTED TO CASE PARTICIPANTS AND THE COURT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 5.2(e). Modified on 4/8/2021 to add restricted language pursuant to order 7 (CS). (Entered: 03/11/2021) |
| 03/12/2021 | 2 | TEXT NOTICE OF JUDGES ASSIGNED: Chief Judge John M. Gerrard and Magistrate Judge Susan M. Bazis assigned. In accordance with 28 U.S.C. 636(c)(2), the parties are notified that, if all parties consent, a magistrate judge may conduct a civil action or proceeding, including a jury or nonjury trial, subject to the courts rules and policies governing the assignment of judges in civil cases. See Fed. R. Civ. P. 73; NEGenR 1.4. (LRM) (Entered: 03/12/2021) |
| 03/23/2021 | 3 | RESTRICTED AMENDED COMPLAINT with with jury demand against Defendant All Defendants, by Attorney Maren L. Chaloupka on behalf of Sonia Melendez(Chaloupka, Maren) ACCESS TO THE PDF DOCUMENT IS RESTRICTED TO CASE PARTICIPANTS AND THE COURT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 5.2(e). Modified on 4/8/2021 to add restricted language pursuant to order 7 (CS). (Entered: 03/23/2021) |
| 04/06/2021 | 4 | MOTION to file under Seal by Attorney Maren L. Chaloupka on behalf of Plaintiff Sonia Melendez.(Chaloupka, Maren) (Entered: |

| | | |
|---|---:|---|
| | | 04/06/2021) |
| 04/07/2021 | 5 | TEXT ORDER denying 4 Motion to Seal. Plaintiff has requested that the Complaint and Amended Complaint be sealed, and that access to those documents be limited to the parties and the Court. The Court construes this motion as one to restrict access to the documents. The motion does not, however, state a basis for the relief sought. Therefore, it will be denied at this time. Counsel may file an amended motion which includes the basis for relief. Ordered by Magistrate Judge Susan M. Bazis. (LRH) (Entered: 04/07/2021) |
| 04/07/2021 | 6 | AMENDED MOTION to Restrict Access by Attorney Maren L. Chaloupka on behalf of Plaintiff Sonia Melendez.(Chaloupka, Maren) (Entered: 04/07/2021) |
| 04/07/2021 | 7 | TEXT ORDER granting 6 Motion to Restrict. Access to Filing Nos. 1 and 3 shall be restricted to case participants and the Court. Ordered by Magistrate Judge Susan M. Bazis. (LRH) (Entered: 04/07/2021) |
| 04/09/2021 | 8 | AMENDED COMPLAINT with with jury demand *(Second Amended)* against Defendant All Defendants, by Attorney Maren L. Chaloupka on behalf of Sonia Melendez(Chaloupka, Maren) (Entered: 04/09/2021) |
| 04/14/2021 | 9 | Summons Requested as to Jon Rosenlund regarding Amended Complaint 8 . (Chaloupka, Maren) (Entered: 04/14/2021) |
| 04/14/2021 | 10 | Summons Requested as to City of Grand Island regarding Amended Complaint 8 . (Chaloupka, Maren) (Entered: 04/14/2021) |
| 04/14/2021 | 11 | Summons Requested as to Hall County, Nebraska regarding Amended Complaint 8 . (Chaloupka, Maren) (Entered: 04/14/2021) |
| 04/15/2021 | 12 | Summons Issued as to defendant City of Grand Island, Hall County, Nebraska, Jon Rosenlund. YOU MUST PRINT YOUR ISSUED SUMMONS, WHICH ARE ATTACHED TO THIS DOCUMENT. PAPER COPIES WILL NOT BE MAILED. (TCL) (Entered: 04/15/2021) |
| 04/30/2021 | 13 | SUMMONS Returned Executed upon defendant City of Grand Island on 4/19/2021. (Chaloupka, Maren) (Entered: 04/30/2021) |
| 04/30/2021 | 14 | SUMMONS Returned Executed upon defendant Hall County, Nebraska on 4/17/2021. (Chaloupka, Maren) (Entered: 04/30/2021) |
| 05/05/2021 | 15 | SUMMONS Returned Executed upon defendant Jon Rosenlund on 4/22/2021. (Chaloupka, Maren) (Entered: 05/05/2021) |
| 05/05/2021 | 16 | MOTION to Dismiss Party Hall County, Nebraska, a Nebraska political subdivision *Without Prejudice* by Attorney Maren L. Chaloupka on behalf of Plaintiff Sonia Melendez.(Chaloupka, Maren) (Entered: 05/05/2021) |
| 05/05/2021 | 17 | TEXT ORDER granting 16 Motion to Dismiss Party. Hall County, Nebraska (a Nebraska political subdivision) is dismissed without prejudice and terminated as a party. Ordered by Chief Judge John M. |

| | | Gerrard. (DCD) (Entered: 05/05/2021) |
|---|---|---|
| 05/10/2021 | 18 | ANSWER to Amended Complaint 8 *(Second Amended)* by City of Grand Island, Jon Rosenlund (Schmidt, Christopher) (Entered: 05/10/2021) |
| 05/11/2021 | 19 | RESTRICTED TELEPHONE CONFERENCE INSTRUCTIONS AND ORDER. ACCESS TO THE PDF DOCUMENT IS RESTRICTED TO CASE PARTICIPANTS AND THE COURT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 5.2(e). Ordered by Magistrate Judge Susan M. Bazis. (RMW) (Entered: 05/11/2021) |
| 05/11/2021 | 20 | SCHEDULING ORDER – Rule 26 Meeting Report Deadline set for 6/11/2021. Ordered by Magistrate Judge Susan M. Bazis. (LKO) (Entered: 05/11/2021) |
| 06/11/2021 | 21 | Certificate *of Service for Defendants Rule 26a1 Disclosures* by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Jon Rosenlund.(Schmidt, Christopher) (Entered: 06/11/2021) |
| 06/11/2021 | 22 | REPORT of Rule 26(f) Planning Meeting by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Jon Rosenlund.(Schmidt, Christopher) (Entered: 06/11/2021) |
| 06/15/2021 | 23 | TEXT ORDER: As requested by the parties in their Rule 26(f) Report 22 , a Planning Conference to discuss case progression will be held on 6/29/2021 at 11:00 AM by telephone before Magistrate Judge Susan M. Bazis. Telephone conference instructions are found at 19 . Ordered by Magistrate Judge Susan M. Bazis. (RMW) (Entered: 06/15/2021) |
| 06/28/2021 | 24 | TEXT ORDER: Upon the request of counsel, the planning conference presently scheduled for 6/29/21 at 11:00 a.m. is canceled. Ordered by Magistrate Judge Susan M. Bazis. (RMW) (Entered: 06/28/2021) |
| 06/28/2021 | 25 | FINAL PROGRESSION ORDER – Depositions due August 1, 2022. Status Conference set for 6/2/2022 at 01:00 PM by Telephone before Magistrate Judge Susan M. Bazis. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.Ordered by Magistrate Judge Susan M. Bazis. (LAC) (Entered: 06/28/2021) |
| 08/26/2021 | 26 | Certificate *of Service for Defendants Answers and Objections to Interrogatories and Responses to Requests for Production of Documents* by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Jon Rosenlund.(Schmidt, Christopher) (Entered: 08/26/2021) |
| 08/26/2021 | 27 | MOTION for Protective Order by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Jon Rosenlund. (Attachments: # 1 Text of Proposed Order Proposed Protective Order)(Schmidt, Christopher) (Entered: 08/26/2021) |

| | | |
|---|---|---|
| 09/08/2021 | 28 | BRIEF in opposition to MOTION for Protective Order 27 by Attorney Maren L. Chaloupka on behalf of Plaintiff Sonia Melendez.(Chaloupka, Maren) (Entered: 09/08/2021) |
| 09/14/2021 | 29 | BRIEF in support of MOTION for Protective Order 27 by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Jon Rosenlund.(Schmidt, Christopher) (Entered: 09/14/2021) |
| 09/14/2021 | 30 | INDEX in support of Brief 29 , MOTION for Protective Order 27 by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Jon Rosenlund. (Attachments: # 1 Affidavit Declaration Christopher Schmidt)(Schmidt, Christopher) (Entered: 09/14/2021) |
| 10/21/2021 | 31 | ORDER – that Defendants' Motion for Protective Order (Filing No. 27 ) is granted. The Court will enter the proposed protective order submitted by Defendants (Filing No. 27–1) by separate order. Ordered by Magistrate Judge Susan M. Bazis. (LKO) (Entered: 10/21/2021) |
| 10/22/2021 | 32 | PROTECTIVE ORDER – Upon consideration of the request for entry of a Protective Order, (Filing No. 27 ) the Court enters the following Protective Order governing the disclosure of confidential Discovery Material by a Producing Party to a Receiving Party in this Action. Ordered by Magistrate Judge Susan M. Bazis. (LKO) (Entered: 10/22/2021) |
| 10/27/2021 | 33 | Certificate *of Service for Defendants First Set of Supplemental Responses to Requests for Production of Documents* by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Jon Rosenlund.(Schmidt, Christopher) (Entered: 10/27/2021) |
| 02/28/2022 | 34 | Certificate *of Service for Defendant City of Grand Island's First Set of Interrogatories to the Plaintiff, Defendant Rosenlund's First Set of Interrogatories to the Plaintiff, and Defendants First Set of Requests for Production of Documents to the Plaintiff* by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Jon Rosenlund.(Schmidt, Christopher) (Entered: 02/28/2022) |
| 03/10/2022 | 35 | UNOPPOSED MOTION to Amend *Progression Order* by Attorney Maren L. Chaloupka on behalf of Plaintiff Sonia Melendez.(Chaloupka, Maren) (Entered: 03/10/2022) |
| 03/17/2022 | 36 | AMENDED FINAL PROGRESSION ORDER – The trial and pretrial conference will not be set at this time. The status conference presently scheduled for June 2, 2022, is canceled. A status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings will be held with the undersigned magistrate judge by telephone on **August 23, 2022 at 1:00 p.m.** Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 19 .) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is November 1, 2022. Ordered by Magistrate Judge Susan M. Bazis. (LKO) (Entered: 03/17/2022) |

| | | |
|---|---|---|
| 03/17/2022 | 37 | TEXT NOTICE of Hearing regarding Amended Final Progression Order 36 . Status Conference set for 8/23/2022 at 01:00 PM by Telephone before Magistrate Judge Susan M. Bazis. (LKO) (Entered: 03/17/2022) |
| 05/27/2022 | 38 | Certificate *of Service for Defendants Responses to Requests for Production of Documents (Second Set)* by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Jon Rosenlund.(Schmidt, Christopher) (Entered: 05/27/2022) |
| 06/30/2022 | 39 | UNOPPOSED MOTION to Amend *Progression Order* by Attorney Maren L. Chaloupka on behalf of Plaintiff Sonia Melendez.(Chaloupka, Maren) (Entered: 06/30/2022) |
| 07/01/2022 | 40 | SECOND AMENDED FINAL PROGRESSION ORDER The trial and pretrial conference will not be set at this time. The status conference presently scheduled for August 23, 2022, is canceled. A status conference to discuss **case progression, the parties' interest in settlement, and the trial and pretrial conference settings** will be held with the undersigned magistrate judge by telephone on **December 1, 2022** at **3:00 p.m.** Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 19 .) Ordered by Magistrate Judge Susan M. Bazis. (LRM) (Entered: 07/01/2022) |
| 07/01/2022 | 41 | TEXT NOTICE of Hearing regarding Second Amended Final Progression Order 40 . Status Conference set for 12/1/2022 at 03:00 PM by Telephone before Magistrate Judge Susan M. Bazis. (LRM) (Entered: 07/01/2022) |
| 08/25/2022 | 42 | Certificate *of Service for Defendants Second Set of Supplemental Responses to Requests for Production of Documents* by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Jon Rosenlund.(Schmidt, Christopher) (Entered: 08/25/2022) |
| 09/06/2022 | 43 | Certificate *of Service for Defendants Supplemental Rule 26a1 Disclosures* by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Jon Rosenlund.(Schmidt, Christopher) (Entered: 09/06/2022) |
| 09/22/2022 | 44 | MOTION for Leave *to Identify Disptachers ##1 and 2* by Attorney Maren L. Chaloupka on behalf of Plaintiff Sonia Melendez.(Chaloupka, Maren) (Entered: 09/22/2022) |
| 09/26/2022 | 45 | TEXT ORDER granting 44 Motion for Leave to Identify Dispatchers #1 and #2. The Clerk of Court shall modify the docket sheet to identify Dispatcher #1 as Brandon Kelley and Dispatcher #2 as Grady Higgins. Ordered by Magistrate Judge Susan M. Bazis. (LRH) (Entered: 09/26/2022) |
| 10/07/2022 | 46 | Certificate *of Service for Defendants Responses to Plaintiff's Second Requests for Production of Documents* by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Jon Rosenlund.(Schmidt, Christopher) (Entered: 10/07/2022) |

| 10/10/2022 | 47 | MOTION to Amend *Order of Case Progression* by Attorney Maren L. Chaloupka on behalf of Plaintiff Sonia Melendez.(Chaloupka, Maren) (Entered: 10/10/2022) |
|---|---|---|
| 10/12/2022 | 48 | THIRD AMENDED FINAL PROGRESSION ORDER This matter is before the Court on Plaintiff's Motion to Amend Progression Order. The motion is granted. A status conference to discuss **case progression, the parties' interest in settlement, and the trial and pretrial conference settings** will be held with the undersigned magistrate judge by telephone on **July 3, 2023, at 10:00 a.m.** Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 19 .) Ordered by Magistrate Judge Susan M. Bazis. (LRM) (Entered: 10/12/2022) |
| 10/12/2022 | 49 | TEXT NOTICE of Hearing regarding Order on Motion to Amend 48 . Status Conference set for 7/3/2023 at 10:00 AM by Telephone before Magistrate Judge Susan M. Bazis. (LRM) (Entered: 10/12/2022) |
| 11/01/2022 | 50 | ANSWER to Amended Complaint 8 by Grady Higgins, Brandon Kelley (Schmidt, Christopher) (Entered: 11/01/2022) |
| 11/17/2022 | 51 | Certificate *of Service for Defendants Second Set of Supplemental Rule 26a1 Disclosures* by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Grady Higgins, Brandon Kelley, Jon Rosenlund.(Schmidt, Christopher) (Entered: 11/17/2022) |
| 12/05/2022 | 52 | Certificate *of Service* by Attorney Maren L. Chaloupka on behalf of Plaintiff Sonia Melendez.(Chaloupka, Maren) (Entered: 12/05/2022) |
| 12/21/2022 | 53 | Certificate *of Service for Defendants Responses to Plaintiff's Third Set of Requests for Production of Documents* by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Grady Higgins, Brandon Kelley, Jon Rosenlund.(Schmidt, Christopher) (Entered: 12/21/2022) |
| 01/11/2023 | 54 | Certificate *of Service for Defendants Answers to Plaintiff's 4th Set of Interrogatories and Responses to Plaintiff's 4th Set of Requests for Production of Documents* by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Grady Higgins, Brandon Kelley, Jon Rosenlund.(Schmidt, Christopher) (Entered: 01/11/2023) |
| 01/27/2023 | 55 | Certificate *of Service* by Attorney Maren L. Chaloupka on behalf of Plaintiff Sonia Melendez.(Chaloupka, Maren) (Entered: 01/27/2023) |
| 01/30/2023 | 56 | NOTICE of *UPDATED INFORMATION* by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Grady Higgins, Brandon Kelley, Jon Rosenlund (Schmidt, Christopher) (Entered: 01/30/2023) |
| 02/20/2023 | 57 | NOTICE to Take Deposition of Sonia Melendez by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Grady Higgins, Brandon Kelley, Jon Rosenlund (Schmidt, Christopher) (Entered: 02/20/2023) |
| 02/27/2023 | 58 | Certificate *of Service for Defendants Responses to Plaintiff's 5th Set of Requests for Production of Documents and Defendants'* |

| | | |
|---|---|---|
| | | *Supplemental Answers to Plaintiff's First Set of Interrogatories* by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Grady Higgins, Brandon Kelley, Jon Rosenlund.(Schmidt, Christopher) (Entered: 02/27/2023) |
| 03/01/2023 | 59 | Certificate *of Service* by Attorney Maren L. Chaloupka on behalf of Plaintiff Sonia Melendez.(Chaloupka, Maren) (Entered: 03/01/2023) |
| 04/04/2023 | 60 | Certificate *of Service for Defendants Responses to Plaintiff's 6th Set of Interrogatories and Requests for Production of Documents* by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Grady Higgins, Brandon Kelley, Jon Rosenlund.(Schmidt, Christopher) (Entered: 04/04/2023) |
| 04/04/2023 | 61 | Certificate *of Service* by Attorney Maren L. Chaloupka on behalf of Plaintiff Sonia Melendez.(Chaloupka, Maren) (Entered: 04/04/2023) |
| 04/04/2023 | 62 | Certificate *of Service* by Attorney Maren L. Chaloupka on behalf of Plaintiff Sonia Melendez.(Chaloupka, Maren) (Entered: 04/04/2023) |
| 04/07/2023 | 63 | Certificate *of Service* by Attorney Maren L. Chaloupka on behalf of Plaintiff Sonia Melendez.(Chaloupka, Maren) (Entered: 04/07/2023) |
| 04/28/2023 | 64 | Certificate *of Service of Defendant's Identification of Experts* by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Grady Higgins, Brandon Kelley, Jon Rosenlund.(Schmidt, Christopher) (Entered: 04/28/2023) |
| 04/30/2023 | 65 | Certificate *of Service* by Attorney Maren L. Chaloupka on behalf of Plaintiff Sonia Melendez.(Chaloupka, Maren) (Entered: 04/30/2023) |
| 05/04/2023 | 66 | Certificate *of Service of Defendants Responses to Plaintiff's 7th Set of Requests for Production and Supplemental Responses to Plaintiff's 5th Set of Requests for Production* by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Grady Higgins, Brandon Kelley, Jon Rosenlund.(Schmidt, Christopher) (Entered: 05/04/2023) |
| 06/28/2023 | 67 | TEXT ORDER: Due to the closure of the Courts on Monday, July 3, 2023, the Status Conference in this case is rescheduled and will be held on 7/5/2023 at 03:00 PM by telephone before Magistrate Judge Susan M. Bazis. Telephone conference instructions are found at 19 . Ordered by Magistrate Judge Susan M. Bazis. (RMW) (Entered: 06/28/2023) |
| 07/05/2023 | 68 | TEXT MINUTE ENTRY for proceedings held before Magistrate Judge Susan M. Bazis. Status Conference held on 7/5/2023. Within 10 days, Defendants shall provide Plaintiff with a summary of facts and opinions as to Jon Rosenlund as required by Federal Rule of Civil Procedure 26, or notify Plaintiff that Jon Rosenlund will not be called to testify as a non−retained expert. The pretrial conference and trial will be set by separate order. Ordered by Magistrate Judge Susan M. Bazis. (RMW) (Entered: 07/05/2023) |
| 07/06/2023 | 69 | RESTRICTED VIDEO CONFERENCE INSTRUCTIONS AND ORDER. ACCESS TO THE PDF DOCUMENT IS RESTRICTED |

| | | TO CASE PARTICIPANTS AND THE COURT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 5.2(e). Ordered by Magistrate Judge Susan M. Bazis. (RMW) (Entered: 07/06/2023) |
|---|---|---|
| 07/06/2023 | 70 | TRIAL SETTING ORDER – The jury trial of this case is set to commence before John M. Gerrard, United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at **9:00 a.m. on February 5, 2024**, or as soon thereafter as the case may be called, for a duration of five (5) trial days. This case is subject to the prior trial of criminal cases and such other civil cases as may be scheduled for trial before this one. Jury selection will be held at the commencement of trial. The Final Pretrial Conference is scheduled to be held before the undersigned magistrate judge on **January 11, 2024 at 10:00 a.m.**, and will be conducted by video conferencing. Video conference instructions are found at (Filing No. 69 ). The parties' proposed Pretrial Conference Order and Exhibit List(s) must be emailed to bazis@ned.uscourts.gov in Word format, by 12:00 p.m. on January 4, 2024. Ordered by Magistrate Judge Susan M. Bazis. (LKO) (Entered: 07/06/2023) |
| 07/26/2023 | 71 | UNOPPOSED MOTION to Continue *Deadline for Filing Motions to Exclude Testimony on Daubert and Related Grounds* by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Grady Higgins, Brandon Kelley, Jon Rosenlund.(Schmidt, Christopher) (Entered: 07/26/2023) |
| 07/27/2023 | 72 | MOTION for Summary Judgment by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Grady Higgins, Brandon Kelley, Jon Rosenlund.(Schmidt, Christopher) (Entered: 07/27/2023) |
| 07/27/2023 | 73 | STATEMENT regarding: MOTION for Summary Judgment 72 *(Defendants' Annotated Statement of Undisputed Facts in Support of their Motion for Summary Judgment)* by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Grady Higgins, Brandon Kelley, Jon Rosenlund.(Schmidt, Christopher) (Entered: 07/27/2023) |
| 07/27/2023 | 74 | BRIEF in support of MOTION for Summary Judgment 72 by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Grady Higgins, Brandon Kelley, Jon Rosenlund.(Schmidt, Christopher) (Entered: 07/27/2023) |
| 07/27/2023 | 75 | INDEX in support of MOTION for Summary Judgment 72 , Statement, 73 , Brief 74 by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Grady Higgins, Brandon Kelley, Jon Rosenlund. (Attachments:<br># 1 Affidavit Jon Rosenlund,<br># 2 Affidavit Brandon Kelley,<br># 3 Affidavit Christopher Schmidt,<br># 4 Affidavit Captain Dean Elliott)(Schmidt, Christopher) (Entered: 07/27/2023) |
| 07/27/2023 | 76 | |

| | | |
|---|---|---|
| | | ATTACHMENT – CONTINUED (Attachment No. 2) regarding Index, <u>75</u> . *(Deposition of Rick Ehlers)* by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Grady Higgins, Brandon Kelley, Jon Rosenlund. (Attachments:<br># <u>1</u> Exhibit Deposition of Grady Higgins,<br># <u>2</u> Exhibit Deposition of Brandon Kelley,<br># <u>3</u> Exhibit Deposition of Vicki Kissler,<br># <u>4</u> Exhibit Deposition of Sonia Melendez,<br># <u>5</u> Exhibit Deposition of Larry Smith,<br># <u>6</u> Exhibit Deposition of Anna Sorensen)(Schmidt, Christopher) (Entered: 07/27/2023) |
| 07/27/2023 | <u>77</u> | ATTACHMENT – CONTINUED (Attachment No. 3) regarding Index, <u>75</u> . *(Deposition Exhibit 2)* by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Grady Higgins, Brandon Kelley, Jon Rosenlund. (Attachments:<br># <u>1</u> Exhibit Deposition Exhibit 3,<br># <u>2</u> Exhibit Deposition Exhibit 4,<br># <u>3</u> Exhibit Deposition Exhibit 5,<br># <u>4</u> Exhibit Deposition Exhibit 7,<br># <u>5</u> Exhibit Deposition Exhibit 8 (Part 1 of 2),<br># <u>6</u> Exhibit Deposition Exhibit 8 (Part 2 of 2),<br># <u>7</u> Exhibit Deposition Exhibit 11,<br># <u>8</u> Exhibit Deposition Exhibit 12,<br># <u>9</u> Exhibit Deposition Exhibit 16)(Schmidt, Christopher) (Entered: 07/27/2023) |
| 07/27/2023 | <u>78</u> | ATTACHMENT – CONTINUED (Attachment No. 4) regarding Index, <u>75</u> . *(Deposition Exhibit 17)* by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Grady Higgins, Brandon Kelley, Jon Rosenlund. (Attachments:<br># <u>1</u> Exhibit Deposition Exhibit 18,<br># <u>2</u> Exhibit Deposition Exhibit 19,<br># <u>3</u> Exhibit Deposition Exhibit 20,<br># <u>4</u> Exhibit Deposition Exhibit 21,<br># <u>5</u> Exhibit Deposition Exhibit 22,<br># <u>6</u> Exhibit Deposition Exhibit 23,<br># <u>7</u> Exhibit Deposition Exhibit 25,<br># <u>8</u> Exhibit Deposition Exhibit 26,<br># <u>9</u> Exhibit Deposition Exhibit 29,<br># <u>10</u> Exhibit Deposition Exhibit 30,<br># <u>11</u> Exhibit Deposition Exhibit 31,<br># <u>12</u> Exhibit Deposition Exhibit 37)(Schmidt, Christopher) (Entered: 07/27/2023) |
| 07/27/2023 | <u>79</u> | ATTACHMENT – CONTINUED (Attachment No. 5) regarding Index, <u>75</u> . *(Deposition Exhibit 39)* by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Grady Higgins, Brandon Kelley, Jon Rosenlund. (Attachments:<br># <u>1</u> Exhibit Deposition Exhibit 40,<br># <u>2</u> Exhibit Deposition Exhibit 42,<br># <u>3</u> Exhibit Deposition Exhibit 43,<br># <u>4</u> Exhibit Deposition Exhibit 200, |

| | | |
|---|---|---|
| | | # 5 Exhibit Deposition Exhibit 201,<br># 6 Exhibit Deposition Exhibit 202,<br># 7 Exhibit Deposition Exhibit 204)(Schmidt, Christopher) (Entered: 07/27/2023) |
| 07/27/2023 | | ATTACHMENT USB DRIVE MAINTAINED IN CLERK'S OFFICE (Attachment No. 75) regarding Index 75 . (LKO) (Entered: 07/27/2023) |
| 07/28/2023 | 80 | TEXT ORDER granting 71 Motion to Continue. The deadline for motions to exclude testimony on Daubert and related grounds is 14 days after the Court's order deciding the motion for summary judgment, or 28 days before trial, whichever date is earlier. Ordered by Magistrate Judge Susan M. Bazis. (LRH) (Entered: 07/28/2023) |
| 08/18/2023 | 81 | UNOPPOSED MOTION for Enlargement of Time by Attorney Maren L. Chaloupka on behalf of Plaintiff Sonia Melendez.(Chaloupka, Maren) (Entered: 08/18/2023) |
| 08/18/2023 | 82 | TEXT ORDER granting 81 Motion to Extend. The plaintiff may respond to the defendants' motion for summary judgment 72 on or before September 5, 2023. The defendants may reply in support of their motion on or before September 19, 2023. Ordered by Senior Judge John M. Gerrard. (DCD) (Entered: 08/18/2023) |
| 09/05/2023 | 83 | UNOPPOSED MOTION for Enlargement of Time by Attorney Maren L. Chaloupka on behalf of Plaintiff Sonia Melendez.(Chaloupka, Maren) (Entered: 09/05/2023) |
| 09/05/2023 | 84 | TEXT ORDER granting 83 Motion to Extend. The plaintiff may respond to the defendants' motion for summary judgment 72 on or before September 11, 2023. The defendants may reply in support of their motion on or before September 25, 2023. Ordered by Senior Judge John M. Gerrard. (DCD) Ordered by Senior Judge John M. Gerrard. (DCD) (Entered: 09/05/2023) |
| 09/11/2023 | 85 | BRIEF in opposition to MOTION for Summary Judgment 72 by Attorney Maren L. Chaloupka on behalf of Plaintiff Sonia Melendez.(Chaloupka, Maren) (Entered: 09/11/2023) |
| 09/11/2023 | 86 | RESPONSE regarding Statement, 73 – *PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS (sic)* by Attorney Maren L. Chaloupka on behalf of Plaintiff Sonia Melendez.(Chaloupka, Maren) (Entered: 09/11/2023) |
| 09/11/2023 | 87 | STATEMENT *OF ADDITIONAL MATERIAL FACTS* by Attorney Maren L. Chaloupka on behalf of Plaintiff Sonia Melendez.(Chaloupka, Maren) (Entered: 09/11/2023) |
| 09/11/2023 | 88 | INDEX in opposition to MOTION for Summary Judgment 72 by Attorney Maren L. Chaloupka on behalf of Plaintiff Sonia Melendez. (Attachments:<br># 1 Exhibit,<br># 2 Exhibit,<br># 3 Exhibit, |

| | | |
|---|---|---|
| | | # 4 Exhibit)(Chaloupka, Maren) (Entered: 09/11/2023) |
| 09/25/2023 | 89 | REPLY BRIEF in support of MOTION for Summary Judgment 72 by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Grady Higgins, Brandon Kelley, Jon Rosenlund.(Schmidt, Christopher) (Entered: 09/25/2023) |
| 09/25/2023 | 90 | RESPONSE regarding Statement 87 *(Defendants' Response to Plaintiff's Statement of Additional Material Facts)* by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Grady Higgins, Brandon Kelley, Jon Rosenlund.(Schmidt, Christopher) (Entered: 09/25/2023) |
| 12/21/2023 | 91 | JOINT MOTION to Stay *(Stipulation and Joint Motion to Stay/Continue Deadlines)* by Attorney Christopher M. Schmidt on behalf of Defendants City of Grand Island, Grady Higgins, Brandon Kelley, Jon Rosenlund.(Schmidt, Christopher) (Entered: 12/21/2023) |
| 12/22/2023 | 92 | TEXT ORDER granting 91 Joint Motion to Stay/Continue Deadlines. All existing and remaining deadlines identified in the Court's Trial Setting Order 70 are stayed. The pretrial conference and trial are canceled. The deadlines, pretrial conference, and trial will be reset following a ruling on the Motion for Summary Judgment 72 . If summary judgment is not granted, the parties shall contact the undersigned's chambers within 14 days of the ruling to reset deadlines.Ordered by Magistrate Judge Susan M. Bazis. (LRH) (Entered: 12/22/2023) |
| 04/11/2024 | 93 | GENERAL ORDER 2024–03 – Following Magistrate Judge Susan M. Bazis's appointment as a United States District Judge on April 10, 2024, this case is reassigned to Magistrate Judge Michael D. Nelson as set forth in this order. Ordered by Chief Judge Robert F. Rossiter, Jr.. (LKO) (Entered: 04/11/2024) |
| 05/07/2024 | 94 | REASSIGNMENT ORDER (TEXT ONLY) – Following Susan M. Bazis's appointment as a United States District Judge on April 10, 2024, and in the interest of judicial economy, a randomly selected portion of Judge Gerrard's, Judge Rossiter's, and Judge Buescher's civil cases will be reassigned to Judge Bazis for disposition. Accordingly, this case is reassigned to Judge Bazis for disposition and remains assigned to the magistrate judge on the case for judicial supervision and processing of all pretrial matters. Ordered by Chief Judge Robert F. Rossiter, Jr. (LKO) (Entered: 05/07/2024) |
| 11/12/2024 | 95 | REASSIGNMENT ORDER (TEXT ONLY) – Following Magistrate Judge Ryan C. Carson's swearing in as a United States Magistrate Judge on November 1, 2024, and in the interest of judicial economy, this case is reassigned to Magistrate Judge Ryan C. Carson for judicial supervision and processing of all pretrial matters. Ordered by Chief Judge Robert F. Rossiter, Jr. (TJM) (Entered: 11/12/2024) |
| 02/13/2025 | 96 | MEMORANDUM AND ORDER Defendants' Motion for Summary Judgment (Filing No. 72 ) is granted. Judgment will be entered by a separate order. Ordered by Judge Susan M. Bazis. (LRM) (Entered: 02/13/2025) |

| 02/13/2025 | 97 | JUDGMENT In accordance with the Memorandum and Order entered on today's date, judgment is hereby entered in favor of Defendants and against Plaintiff. This case is dismissed with prejudice. Ordered by Judge Susan M. Bazis. (LRM) (Entered: 02/13/2025) |
|---|---|---|
| 02/18/2025 | 98 | NOTICE OF APPEAL regarding Order on Motion for Summary Judgment 96 , Judgment 97 by Attorney Maren L. Chaloupka on behalf of Plaintiff Sonia Melendez. Filing fee $ 605, receipt number ANEDC–5259689. (Chaloupka, Maren) (Entered: 02/18/2025) |
| 02/19/2025 | 99 | NOTIFICATION OF APPEAL AND NOA SUPPLEMENT by Clerk to USCA regarding Memorandum and Order 96 and Judgment 97 . Notice of Appeal filed on 02/18/2025. (LRM) (Entered: 02/19/2025) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SONIA MELENDEZ, Personal Representative of the Estate of Benjamin Melendez, Deceased; | |
| Plaintiff, | **4:21CV3061** |
| vs. | |
| CITY OF GRAND ISLAND, a Nebraska political subdivision; JON ROSENLUND, in his individual and official capacity; BRANDON KELLEY, 911 Dispatcher #1, in his individual and official capacity; GRADY HIGGINS, 911 Dispatcher #2, in her individual and official capacity; and DOES #1 - 10, in their individual and official capacities; | **MEMORANDUM AND ORDER** |
| Defendants. | |

This matter is before the Court on Defendants' Motion for Summary Judgment. ([Filing No. 72.](#)) For the reasons explained below, Defendants' Motion for Summary Judgment will be granted.

## BACKGROUND

Plaintiff, Sonia Melendez, as the Personal Representative of the Estate of Benjamin Melendez, brought this action against the City of Grand Island (City), Jon Rosenlund, the Director of Grand Island/Hall County Emergency Management, Brandon Kelley, and Grady Higgins, Public Safety (9-1-1) dispatchers for the City. ([Filing No. 8;](#) [Filing No. 50.](#)) Rosenlund, Kelley, and Higgins are sued individually and in their official capacities. ([Filing No. 8;](#) [Filing No. 50.](#)) Melendez alleged civil rights claims pursuant to [42 U.S.C. § 1983](#) for violation of the Fourteenth Amendment and failure to train and supervise the 9-1-1 dispatchers. ([Filing No. 8.](#)) Melendez does not contend the shooting was an unconstitutional or excessive use of force in violation of the

1

Fourth Amendment. (Filing No. 8.) According to Melendez, Kelley and Higgins created a special danger to Benjamin when they failed to provide critical information to the Grand Island police officers they dispatched to Benjamin's address, and that failure resulted in Benjamin's death after he stabbed a police officer, who then shot and killed Benjamin. (Filing No. 8 at 9-10.) Melendez also asserts the City and Rosenlund violated Benjamin's Fourteenth Amendment rights by failing to properly train Kelley and Higgins. (Filing No. 8 at 11-12.) Defendants move for summary judgment on the ground that no constitutional violation occurred under the Fourteenth Amendment, which also entitles the individual defendants to qualified immunity. (Filing No. 74.)

## STATEMENT OF FACTS

Benjamin Melendez was born in 1989 and grew up in Grand Island Nebraska. (Filing No. 73 at 16.) Benjamin was assaulted in 2008, while attending college in Lincoln, and he suffered permanent brain injuries. (Filing No. 73 at 16.) After the assault, Benjamin never lived by himself and lived with his mother at 1520 St. Paul Road in Grand Island, Nebraska. (Filing No. 73 at 16.) Benjamin's mother was appointed his legal guardian in 2012. (Filing No. 73. at 16.)

After the assault and resulting injuries, Benjamin had multiple encounters with law enforcement. (Filing No. 73 at 17.) On March 13, 2019, Benjamin was upset and irate after a court appearance. (Filing No. 73. at 17.) Benjamin's mother, who also attended the hearing, brought him home and left him alone for the remainder of the day. (Filing No. 73 at 17.) At approximately 8:12 p.m., Benjamin called 9-1-1 and spoke to Kelley. (Filing No. 73 at 17.) During this call, Benjamin shouted, "step up to my home, and you're dead." (Filing No. 86 at 46.) After the call, Kelley dispatched Grand Island Police Department (GIPD) to report a male caller who was "'extremely irate [and] yelling'"; however, Kelley failed to mention Benjamin's paranoia and threats. (Filing No. 86 at 44.)

Grand Island Police Officers Ehlers and Herold responded to the dispatch. (Filing No. 8.) They knocked on the door at 1520 St. Paul Road, but Benjamin did not answer. (Filing No. 8.) Officers Ehlers and Herold waited for a brief time and then left without any contact from Benjamin. (Filing No. 8.)

At approximately 8:46 p.m., Benjamin called 9-1-1 and spoke to Higgins. (Filing No. 86 at 55.) After the call ended, Higgins advised his supervisor that Benjamin was "'nuts.'" (Filing

Appellate Case: 25-1363    Page: 15    Date Filed: 02/21/2025 Entry ID: 5489449    February 19 2025 p15

No. 86 at 56.) He also sent a radio dispatch to GIPD to report a recall from a male who was "'ranting again'" and saying, "'something about bringing a knife out and stabbing somebody in his yard.'" (Filing No. 86 at 56.) Multiple officers responded to the dispatch, arriving on scene between 10:55 p.m. and 11:00 p.m. (Filing No. 86 at 60.) Benjamin opened the door armed with a knife and stabbed Officer Ehlers, who then shot and killed Benjamin. (Filing No. 86 at 60.)

Kelley and Higgins did not use the "'10-90'" code to identify Benjamin as a "'mental subject'" in their dispatches to law enforcement. (Filing No. 86 at 11.) Plaintiff's expert testified that the failure of Kelley and Higgins "to notify the responding officers of the clear and present threat to their safety caused both the death of Mr. Melendez and the substantial injury to Officer Ehlers. … This consultant is beyond appalled and deeply disturbed that Mr. Melendez lost his life due to the utter incompetence of these two employees." (Filing No. 86 at 25.)

The supervisor on duty at the time of Benjamin's 9-1-1 call testified Kelley should have tried to calm Benjamin during the call as he had been trained. (Filing No. 86 at 41.) Rosenlund, who heard the call after the incident, admitted Benjamin's raging threats represented a clear risk, and Kelley should have included that information to law enforcement. (Filing No. 86 at 48.) Officer Ehlers was not aware that Benjamin had ended his calls with threats of violence, and if he had known Benjamin ended his call with "'Step up to my home and you're dead,'" he would not have approached the door. (Filing No. 86 at 60.)

Rosenlund performs a variety of duties as the Director of Grand Island Emergency Management Department (Department). (Filing No. 73 at 3.) Rosenlund is responsible for training and supervising senior dispatchers in the Department. (Filing No. 73 at 3.) In addition to dispatching calls, senior dispatchers perform supervisory tasks such as completing call review forms, completing performance appraisals for dispatchers, training, coaching, and monitoring other dispatchers to ensure the policies of the Department are followed. (Filing No. 73 at 4.)

Defendants presented evidence regarding the policies and training of the Department, which included the written training manuals that described the role of public safety dispatchers and the role of effective communication, the general operations of the Department, the important function of call taking, and the Reference Manual. (Filing No. 73 at 6-10.) Plaintiff did not dispute the statements on the policies and training but asserted the standards were inadequate. (Filing No. 86 at 12-18.) According to Plaintiff's expert, "[n]either Dispatcher Kelley or Dispatcher Grady

followed the Communications Center's policies and procedures, to include KELLEY's failure to advise responders of the caller shouting 'step up to my home and you're dead,' and HIGGINS' failure to advise responders of the caller threatening, 'if I hear a knock, I'm stabbing in the eyes.'" (Filing No. 86 at 18.)

## DISCUSSION

### Summary Judgment Standard

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "The movant bears the initial responsibility of informing the district court of the basis for its motion, and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quotation omitted). If the movant does so, "the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." *Id.*

"On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Id.* "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* However, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* "In order to show that disputed facts are material, the party opposing summary judgment must cite to the relevant substantive law in identifying facts that might affect the outcome of the suit." *Quinn v. St. Louis Cty.*, 653 F.3d 745, 751 (8th Cir. 2011) (quotation omitted). "The mere existence of a scintilla of evidence in support of the nonmovant's position will be insufficient; there must be evidence on which the jury could reasonably find for the nonmovant." *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 791-92 (8th Cir. 2011) (quotation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Torgerson*, 643 F.3d at 1042 (quotation omitted).

**42 U.S.C. § 1983 Claim**

Section 1983 imposes civil liability on any person who, "under color of any statute, ordinance, regulation, custom or usage of any State," deprives an individual of "any rights, privileges, or immunities" secured by the United States Constitution. 42 U.S.C.A. § 1983. To survive summary judgment, a claim under § 1983 must raise a genuine issue of material fact as to whether 1) the defendant acted under color of state law, and 2) the alleged wrongful conduct deprived the plaintiff of a constitutionally protected right. *See Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009).

**Qualified Immunity**

Qualified immunity shields officials from civil liability in a § 1983 action when their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Morgan v. Robinson*, 920 F.3d 521, 523 (8th Cir. 2019) (quotation omitted). "Qualified immunity analysis requires a two-step inquiry: (1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct." *Id.* (quotation omitted). "Unless both of these questions are answered affirmatively, an appellant is entitled to qualified immunity." *Id.* "[C]ourts are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first." *Id.*

Melendez contends Benjamin's Fourteenth Amendment rights to due process were violated by Kelley and Higgins's failure to communicate critical information to the City's police officers who were dispatched to Benjamin's address following his 9-1-1 calls, and the City's failure to properly train and supervise Kelley and Higgins. (Filing No. 8.) Defendants move for summary judgment on the ground that no constitutional violation occurred under the Fourteenth Amendment, which also entitles the individual defendants to qualified immunity. (Filing No. 74.) The Court agrees.

**Substantive Due Process**

**State-Created-Danger**

Generally, "'a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause.'" *Villanueva v. City of Scottsbluff,* 779 F.3d 507, 512 (8th Cir. 2015) (quoting *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs,* 489 U.S. 189, 197, 109 S.Ct. 998 (1989)). "One exception to this principle is the 'state-created-danger theory' under which 'the state owes a duty to protect individuals if it created the danger to which the individuals are subjected.'" *Villanueva,* 779 F.3d at 512 (quoting *Fields v. Abbott,* 652 F.3d 886, 890 (8th Cir. 2011)).

Melendez relies on the state-created-danger theory of liability. To succeed on this theory, Melendez must prove: "(1) that [Benjamin] was a member of 'a limited, precisely definable group,' (2) that the [defendants'] conduct put [him] at a 'significant risk of serious, immediate, and proximate harm,' (3) that the risk was 'obvious or known' to the [defendants], (4) that the [defendants] 'acted recklessly in conscious disregard of the risk,' and (5) that in total, the [defendants'] conduct 'shocks the conscious.'" *Fields,* 652 F.3d at 891 (quoting *Hart v. City of Little Rock,* 432 F.3d 801, 805 (8th Cir. 2005)). In analyzing the five *Hart* factors it is not necessary to examine all five factors if the evidence viewed in the light most favorable to the plaintiff shows the defendants' conduct does not shock the conscience. *See Estate of Johnson v. Weber*, 785 F.3d 267, 272 (8th Cir. 2015) ("We need not analyze all five *Hart* factors because we conclude, even viewing the facts in the light most favorable to Johnson, the defendants' conduct did not shock the conscience.").

The fifth factor, conduct by the defendants that shocks the conscious, requires action that "must either be motivated by an intent to harm or," deliberate indifference when deliberation is practical. *Montgomery v. City of Ames*, 749 F.3d 689, 695 (8th Cir. 2014). "Deliberate indifference requires both that the official 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists' and that the official actually draw that inference. … Mere negligence, or even gross negligence, is not actionable." *Id.* (quoting *Hart,* 432 F.3d at 805-06.)

Under the state-created-danger theory, negligence and gross negligence cannot support a § 1983 claim alleging a violation of substantive due process . . . 'Instead, actionable substantive due process claims involve a level of abuse and power so

brutal and offensive that they do not comport with traditional ideas of fair play and decency.' ... 'The test we employ to ascertain a valid substantive due process violation is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'

*Estate of Johnson*, 785 F.3d at 272. *See also Johnson v. City of Philadelphia*, 975 F.3d 394, 402 (3rd Cir. 2020) (9-1-1 operator's failure to communicate decedents' location and need of rescue insufficient to establish Fourteenth Amendment violation under state-created-danger theory. "'[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property.'" *Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)); *Beltran v. City of El Paso,* 367 F.3d 299, 308 (5th Cir. 2004) (9-1-1 operator's mishandling of emergency call did not create a dangerous situation sufficient to establish liability for Fourteenth Amendment violation under state-created-danger theory as errors constituted negligence not deliberate indifference. "In the absence of a violation of a clearly established constitutional right, [9-1-1 operator] entitled to qualified immunity as a matter of law.").

In the case at bar, the Complaint alleges the individual defendants created a special danger to Benjamin that deprived him of his constitutional rights. (Filing No. 8 at 10.) The evidence offered to support the allegations consists of failures by Kelley and Higgins to follow procedures in how they communicated with Benjamin during the calls, and their failure to provide details to the officers who were dispatched to Benjamin's location. (Filing No. 86.) According to Melendez, the alleged failures led to Benjamin getting shot by Officer Ehlers who responded to the 9-1-1 dispatch. (Filing No. 8.)

Defendants argue summary judgment is proper in this case because Melendez's claim and evidence supporting it centers on Kelley and Higgins's failure to follow procedures in their communications with Benjamin and failure to provide necessary information to the Grand Island Police Officers who responded to the dispatches, which is insufficient to establish a constitutional violation. (Filing No. 74.) Thus, Defendants' argument follows that because Melendez has not presented any evidence to establish Benjamin's Fourteenth Amendment rights were violated by Kelley and Higgins's handling of Benjamin's 9-1-1 calls, they are entitled to qualified immunity on the claims asserted against them by Melendez. (Filing No. 74.)

7

The record in this action is insufficient to establish liability for a Fourteenth Amendment violation under the state-created-danger theory as the alleged errors by Kelley and Higgins constitute negligence, not deliberate indifference. "Under the state-created-danger theory, negligence and gross negligence cannot support a § 1983 claim alleging a violation of substantive due process." *Estate of Johnson*, 785 F.3d at 272. Because the evidence when viewed in the light most favorable to Melendez shows the conduct of Kelley and Higgins does not shock the conscience, Melendez's Fourteenth Amendment substantive due process claim against Kelley and Higgins fails to survive summary judgment. Accordingly, it is not necessary for the Court to address the other *Hart* factors.

Kelley and Higgins are entitled to qualified immunity because the first prong of the qualified immunity test is not satisfied where the Court rules that there was no underlying constitutional violation by Kelley and Higgins under the Fourteenth Amendment. The Court need not, and does not, reach the clearly established prong of the qualified immunity analysis. *See Bulfin v. Rainwater,* 104 F.4th 1032, 1038 (8th Cir. 2024) ("If we conclude that the alleged facts do not violate a constitutional right, then we need not address the inquiry [whether the right was clearly established], and the defendant[s] will be entitled to qualified immunity.") (quoting *Ryno v. City of Waynesville,* 58 F.4th 995, 1005 (8th Cir. 2023)).

**Failure to Train/Supervise**

Melendez asserts supervisory claims against Rosenlund. (Filing No. 8.) "Government officials are personally liable only for their own misconduct." *S.M. v. Kringbaum*, 808 F.3d 335, 340 (8th Cir. 2015). "When a claim is premised on the conduct of subordinates, a supervisor may be liable only upon a showing" that the subordinates' conduct was a clearly established violation of the Fourteenth Amendment right to due process. *Dundon v. Kirchmeier,* 85 F.4th 1250, 1258 (8th Cir. 2023). Given the above ruling that the evidence does not establish Kelley and Higgins violated Benjamin's Fourteenth Amendment rights under the state-created-danger theory, there can be no liability against Rosenlund in his supervisory role.

Melendez seeks to hold the City of Grand Island liable for the actions of Kelley, Higgins, and Rosenlund in their official capacities. (Filing No. 8.) A city may be liable under 42 U.S.C.A. § 1983 "if [an] employee has not been adequately trained and [a] constitutional wrong has been

caused by that failure to train." *City of Canton v. Harris*, 489 U.S. 378, 387, 109 S.Ct. 1197, 103 L.Ed. 2d 412 (1989).

"It is well established that 'there must be an unconstitutional act by a municipal employee before a municipality can be held liable'" in a § 1983 action. *Jones v. City of St. Louis,* 104 F.4th 1043, 1051 (8th Cir. 2024) (quoting *Muir v. Decatur County,* 917 F.3d 1050, 1058 (8th Cir. 2019)). *See also Montgomery v. City of Ames*, 749 F.3d at 696. ("City … is liable in a § 1983 suit only if an individual city employee committed a constitutional violation pursuant to an official custom, policy, or practice."). Thus, the finding that Melendez has failed to establish a constitutional violation by any of the City employees, precludes the imposition of any municipal liability in this action.

**Conclusion**

Viewing the facts in the light most favorable to Melendez, Plaintiff has failed to establish the individual defendants violated Benjamin's right to substantive due process under the state-created-danger theory. The evidence establishes negligence at best, not behavior so egregious or outrageous, that it may fairly be said to shock the conscience; therefore, Defendants are entitled to summary judgment. Because the evidence is insufficient to show a constitutional violation, Kelley, Higgins, and Rosenlund are also entitled to qualified immunity and summary judgment on that ground. Since Melendez cannot establish a constitutional violation by any of the individual defendants, the City of Grand Island is also entitled to summary judgment.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (Filing No. 72) is granted. Judgment will be entered by a separate order.

Dated this 13th day of February, 2025.

BY THE COURT:

Susan M. Bazis
United States District Judge

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SONIA MELENDEZ, Personal Representative of the Estate of Benjamin Melendez, Deceased; <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF GRAND ISLAND, a Nebraska political subdivision; JON ROSENLUND, in his individual and official capacity; BRANDON KELLEY, 911 Dispatcher #1, in his individual and official capacity; GRADY HIGGINS, 911 Dispatcher #2, in her individual and official capacity; and DOES #1 - 10, in their individual and official capacities; <br><br> Defendants. | **4:21CV3061** <br><br><br> **JUDGMENT** |

In accordance with the Memorandum and Order entered on today's date, judgment is hereby entered in favor of Defendants and against Plaintiff.  This case is dismissed with prejudice.

Dated this 13th day of February, 2025.

BY THE COURT:

*Susan M Bazis*

Susan M. Bazis
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SONIA MELENDEZ, Personal Representative of the Estate of BENJAMIN MELENDEZ, Deceased, <br><br>       Plaintiff, <br><br> vs. <br><br> CITY OF GRAND ISLAND, a Nebraska political subdivision, JON ROSENLUND, in his individual and official capacity, BRANDON KELLEY, in his individual and official capacity; and GRADY HIGGINS, in his individual and official capacity, <br><br>       Defendants. | Case No. 4:21-cv-3061 <br><br><br><br> **NOTICE OF APPEAL** |

Sonia Melendez, Personal Representative of the Estate of Benjamin Melendez, Deceased, Plaintiff in the above-captioned matter, gives notice of her intent to appeal to the United States Court of Appeals for the Eighth Circuit from the Memorandum and Order granting Defendants' Motion for Summary Judgment (Doc. #96) and the District Court's Final Judgment (Doc. #97).

SONIA MELENDEZ, Personal Representative of the Estate of BENJAMIN MELENDEZ, Deceased , Plaintiff,

By:   /s/ Maren Lynn Chaloupka
Maren Lynn Chaloupka, NSBA # 20864
Chaloupka Law LLC
1906 Broadway
Post Office Box 1724
Scottsbluff, NE  69363-1724
(308) 270-5091
mlc@chaloupkalaw.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument

has been sent via CM/ECF on this 18th day of February 2025, to the following:

Randall L. Goyette
Christopher M. Schmidt
Baylor Evnen Wolfe & Tannehill, LLP
Union Bank Place
1248 O Street, Suite 900
Lincoln, NE  68508
rgoyette@baylorevnen.com
cschmidt@baylorevnen.com

_/s/ Maren Lynn Chaloupka_

U. S. COURT OF APPEALS - EIGHTH CIRCUIT
NOTICE OF APPEAL (NOA) SUPPLEMENT
**DISTRICT OF NEBRASKA**

Please note any additions or deletions to the style of the case from the style listed on the docket sheet (or attach an amended docket sheet with the final style of case)

**Caption:**                          **Case Number:**

Melendez v. City of Grand Island et al     4:21cv3061-SMB-RCC

**Appellant**:

Sonia Melendez

**Attorney(s)**:

Maren L. Chaloupka
CHALOUPKA LAW FIRM
P.O. Box 1724
Scottsbluff, NE 69363
308-270-5091

**Appellee:**

City of Grand Island; Jon Rosenlund;
Brandon Kelley; Grady Higgins

**Attorney(s)**:

Christopher M. Schmidt
Randall L. Goyette
BAYLOR, EVNEN, WOLFE LAW FIRM
1248 O Street
Suite 900
Lincoln, NE 68508-1424
402-475-1075

**Court Reporter(s)**:

NA

**Please return files and documents to**:

Lincoln

**Person to contact about the appeal**:

Deputy Clerk

| Length of Trial | Fee | IFP | Pending IFP |
|---|---|---|---|
| NA | Y | N | N |

| Counsel | Pending Motions | Local Interest | Simultaneous Release? |
|---|---|---|---|
| Retained | N | N | N |

**Criminal Cases/Prisoner Pro Se Cases only**:

**Is defendant incarcerated?**  NA

**Where?**  | NA

**Please list all other defendants in this case if there were multiple defendants**
   NA

**Special Comments**:

Forms-Appeal-NOA_Supplement
Approved Date: 12/22/14